## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/25/2017, 11:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel Michael Walts, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 25, 2017 <br><br> Court of Appeals Case No. <br> 09A04-1703-CR-642 <br><br> Appeal from the <br> Cass Superior Court <br><br> The Honorable <br> Richard A. Maughmer, Judge <br><br> Trial Court Cause No. <br> 09D02-1605-F1-2 |

**Kirsch, Judge.**

[1] Following his plea of guilty to attempted murder, a Level 1 felony,[1] David Michael Walts appeals his thirty-year sentence, contending that it is inappropriate and an abuse of discretion. Concluding that it is neither, we affirm.

## Facts and Procedural History

[2] On May 17, 2016, Walts was sixty-seven years old and angry with Steve Smith for the way Smith was treating Smith's wife, Kathy Smith. He went to the Bungalow Bar in Logansport, Indiana armed with a loaded gun and waited for Smith. When Smith arrived, Walts cocked and pointed his loaded gun at Smith, but hesitated because of concern for two female bystanders whom he told to get out and lock the door behind them. Smith ran out the back of the bar before Walts could shoot, and Walts chased Smith out the door.

[3] Walts was charged with attempted murder, a Level 1 felony, and three counts of intimidation, each as Level 5 felonies. Walts pleaded guilty to attempted murder on the condition that the State dismiss the remaining three counts. During his plea hearing, Walts admitted that he intentionally cocked and pointed a loaded gun at Smith, with the intent to kill. The trial court accepted the guilty plea.

---

[1] *See* Ind. Code §§ 35-42-1-1(1), 35-41-5-1(a).

[4] The pre-sentence report showed a history of alcohol offenses and that Walts reported that he drank all his life. In addition, he had no high school education and a prior hospitalization for a nervous breakdown. At sentencing, the trial court found that Walts's criminal history was an aggravating circumstance and identified no mitigating circumstances. Its written sentencing statement did not identify any mitigating or aggravating circumstances. The trial court sentenced Walts to a term of thirty years of incarceration, and the State dismissed the remaining three criminal counts. Walts now appeals.

## Discussion and Decision

## I. Abuse of Discretion

[5] Walts argues that the trial court abused its discretion by failing to give proper weight to his age of sixty-seven years, his alcoholism, and his guilty plea. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all"; (2) enters "a sentencing statement that explains reasons for imposing a sentence -- including a finding of aggravating and mitigating factors if any -- but the record does not support the reasons"; (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration"; or (4) considers reasons that "are improper as a matter of law." *Id.* at 409-91. If the trial court has abused its discretion, we will remand for

resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

[6]     Regarding age, our Supreme Court has observed that "[a]ge is neither a statutory nor a *per se* mitigating factor." *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind. 1999) (emphasis added). In *Sensback*, the defendant was eighteen years old. The court concluded that the defendant's young age was beyond the age at which the law commands special treatment of youth and that it was within the trial court's discretion to find that the defendant's age was not a mitigating factor. At sixty-seven, Walts is long beyond the age for special treatment, and his long criminal history dating back to 1967 shows a long-standing disregard for the law.

[7]     Regarding his alcoholism, Walts long knew of the problem and was made aware of it in conviction after conviction, but failed to take any steps to remedy it. *See Bennett v. State*, 787 N.E.2d 938, 948 (Ind. Ct. App. 2003) (holding alcohol abuse may be considered aggravating circumstance when the defendant is aware of the problem but does not seek to remedy it), *trans. denied*. Walts was aware of his drinking problem and failed to remedy it. Indeed, he was drinking on the day he attempted to murder Smith.

[8]     Finally, with regard to Walts's claim that the trial court abused its discretion by failing to find that his guilty plea was a significant mitigator, we note that our courts have long held that a defendant who pleads guilty deserves to have some

mitigating weight extended to the guilty plea in return. *See Cotto v. State*, 829 N.E.2d 520, 524 (Ind. 2005). Where, however, there was substantial evidence of the defendant's guilt, where he received a substantial benefit from his plea in the dismissal of the other charges, and where he did not plead guilty until the day of trial when the State had already expended significant resources on trial preparation, it is not error for a trial court not to find that the guilty plea is a substantial mitigator. *See Scott v. State*, 840 N.E.2d 376, 383 (Ind. Ct. App. 2006). We, therefore, conclude that the trial court did not abuse its discretion in sentencing Walts.

## II.    Inappropriate Sentence

[9]    Turning to Walts's claim that his sentence is inappropriate, we note that while a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State,* 875 N.E.2d 801, 812 (Ind. Ct. App. 2007). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under this rule requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State,* 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The "defendant must persuade the appellate court that his or

her sentence has met the inappropriateness standard of review." *Roush*, 875 N.E.2d at 812.

[10] Looking first at the nature of the offense, we see that Walts lured his intended victim to the bar, pointed his gun at the bartender and threatened to kill her, threatened to kill two patrons of the bar if they called police, repeatedly threatened to kill Smith as he chased him, gun in hand, and told the arresting officer that he would kill Smith when he was let out of prison. *See Tr. Vol. II* at 21-25. Turning to the defendant's character, we see that Walts has an extensive criminal history extending over several decades, and he went to the bar intending to kill Smith whom he saw as a friend. We conclude that Walts's sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[11] Affirmed.

Najam, J., and Brown, J., concur.